MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
gibsonm@higgslaw.com
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Plaintiff
CUSTOM WINDOW COMPANY

FILED
2008 AUG 15 PM 2:41
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM WINDOW COMPANY, a Colorado Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>5th AVENUE PARTNERS, LLC., a California limited liability company; AWI, INC., a Washington corporation; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | CASE NO. '08 CV 1497 L JMA<br><br>COMPLAINT FOR BREACH OF CONTRACT; FORECLOSURE OF MECHANICS LIEN; QUANTUM MERUIT; AND ACCOUNT STATED<br><br>JURY TRIAL DEMANDED |

Plaintiff, CUSTOM WINDOW COMPANY ("Custom Window" or the "Plaintiff"), alleges causes of action against Defendants, 5th AVENUE PARTNERS, LLC ("5th Avenue Partners"), AWI, INC., ("AWI"), and DOES 1-50, inclusive (collectively with 5th Avenue Partners and AWI, the "Defendants") as follows:

## I.
## INTRODUCTION

1.　This action is brought to recover monies for materials provided to a commercial construction project in San Diego, California.

///

///

860959.2

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

## II.

## **PARTIES**

2. The Plaintiff is, and at all relevant times was, a corporation duly licensed, existing and doing business in the state of Colorado, engaged in the business of custom window manufacturing.

3. The Plaintiff is informed and believes, and on such information and belief alleges that 5th Avenue Partners, LLC is, and at all times relevant to this action was, a California limited liability company registered and licensed in the state of California, engaged in the business of real estate development, and is the owner or reputed owner of the real property, which is the subject of this action, commonly known as the Diegan Hotel, 1047 5th Avenue, San Diego, California 92101 (APN No. 533-524-13) (the "Subject Property").

4. The Plaintiff is informed and believes, and on such information and belief alleges that AWI is, and at all times relevant to this action was, a Washington corporation registered and licensed in the states of Washington and California, engaged in the business of window sales, distribution and installation. AWI purchased and assumed the liabilities of TWD, LLC, a Washington limited liability company, previously engaged in the business of window sales, distribution and installation.

5. The Plaintiff is unaware of the true names, capacities, or basis for liability of the Defendants DOES 1 through 50, inclusive; and, therefore sue(s) said defendants by their fictitious names. The Plaintiff will amend this complaint to allege their true names, capacities, or basis for liability when the same has been ascertained. The Plaintiff is informed and believes, and on such information and belief alleges that: (i) fictitiously-named Defendants DOES 1 through 50 are persons or entities claiming interests in the real property which is the subject of this action, which claimed interests are junior and inferior to that of the Plaintiff or are in some manner liable to the Plaintiff for the debts described herein.

6. At all times relevant to this action, each defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venturer, or surety of the other defendants and was acting within the scope of said agency, employment, partnership, venture, or suretyship,

1  with the knowledge and consent or ratification of each of the other defendants in doing the things
2  alleged herein.

### III.

### JURISDICTION AND VENUE

7. This Court has both subject matter jurisdiction and personal jurisdiction over the parties pursuant to 28 U.S.C. section 2201 and 28 U.S.C. section 1332(a), and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. section 1332. Venue lies in this district pursuant to 28 U.S.C. section 1391(a) in that 5th Avenue Partners resides in this district and is in diversity with the Plaintiff, a substantial part of the events giving rise to this suit occurred in this district, and the Subject Property is situated in this district.

8. The Subject Property that is the subject of this action is located in the city of San Diego, county of San Diego, state of California. Based upon information and belief, at all times relevant to this action, 5th Avenue Partners and Does 1-25 were, and now are, the owners or reputed owners of a fee interest in the Subject Property.

### IV.

### FACTS

9. On or about November 27, 2006, the Plaintiff entered into a written agreement (hereinafter the "Contract") with TWD wherein the Plaintiff agreed to provide custom aluminum windows for a work of improvement on the Subject Property which TWD agreed to pay for those services.[1] (Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of the Contract and amendments thereto). Pursuant to the Contract, the Plaintiff agreed to provide custom aluminum windows for the construction of a work improvement at the Subject Property. The Plaintiff provided these materials of every kind and description to be used and consumed in a work of improvement on the Subject Property. The whole of the Subject Property on which the work of improvement is situated is required for the convenient use and occupation of the work of improvement.

10. Pursuant to California Civil Code section 3097, on or about December 6, 2006, the

---

[1] Again, TWD assigned all of its rights and interests to AWI subsequent to entering the Contract with the Plaintiff.

860959.2                                3

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Plaintiff served the Defendants by certified mail with a preliminary 20-day notice (private works) for the Subject Property. The notice contained substantially the following information: Custom Window will furnish materials to be used and consumed in a work of improvement on the Subject Property.

11. Between the date of the Contract until its completion, and pursuant to the above-described agreement or at the special instance and request of the Defendants, or their agents, the Plaintiff performed and furnished custom aluminum windows that were used and intended to be used in the work of improvement on the Subject Property.

12. The Plaintiff has performed all things necessary and required of it under the Contract, except to the extent that the Plaintiff under the Contract was prevented or excused from performing by agreement or by the breach of the Defendants.

13. The custom aluminum windows furnished by the Plaintiff have a reasonable and current market value of over $1,714,439, which TWD agreed in writing to pay.

14. Pursuant to California Civil Code section 3110, et seq., the Plaintiff recorded a verified claim of lien for the Subject Property on May 21, 2008, in the office of the County Recorder of San Diego County, after the Plaintiff completed the agreed-on work and before the expiration of 90 days after completion of the work of improvement on the Subject Property. A copy of the claim of lien is attached to this complaint as Exhibit "2" and is incorporated by reference.

15. The amount which remained unpaid under the Contract at the time the lien claim was recorded for the Subject Property was $295,354.56, plus interest.

V.

### FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT AGAINST AWI AND DOES 26-50)

16. The Plaintiff realleges and incorporates herein by this reference each and every allegation contained in the preceding paragraphs of this complaint.

17. AWI and Does 26-50 have breached the Contract in that said defendants have not paid the Plaintiff $295,354.56 outstanding on the Contract, and such additional sums for lost

profits resulting from delay in payment as will be proved at trial.

18. Although demand therefore has been made since the work was performed and all necessary services, materials and equipment were furnished, the sum of $295,354.56 is still due and owing thereon to the Plaintiff. As a result of said breach of the Contract, the Plaintiff has been damaged in the sum of $295,354.56 and in such additional sums for delay in payment as will be proved at trial.

## VI.

## SECOND CAUSE OF ACTION

## (FORECLOSURE OF MECHANICS' LIEN AGAINST 5TH AVENUE PARTNERS AND DOES 1-25)

19. The Plaintiff realleges and incorporates herein by this reference each and every allegation contained in the preceding paragraphs of this complaint.

20. At the time the Plaintiff recorded the claim of lien, the amount stated in the lien claim remained owing, and unpaid. The cost of verifying and recording the lien claim was $13.00, no part of which has been repaid. The mechanics' lien arising from the Plaintiff's claim of lien is superior in priority to the claims, rights, demands and titles of 5th Avenue Partners and Does 1-25. Since the filing of the lien claim, the Plaintiff has not been paid any of the $295,354.56 owing for materials furnished by the Plaintiff at the Subject Property. Accordingly, the materials furnished by the Plaintiff and which remain unpaid, including that which was furnished pursuant to change orders and including so-called "extras," has a reasonable and current market value in excess of $295,354.56.

21. Pursuant to California Civil Code section 3110, et seq., the Plaintiff is entitled to a decree of foreclosure as to the Plaintiff's mechanics' lien, on the terms set forth below in the Prayer for Relief.

## VII.

## THIRD CAUSE OF ACTION

## (QUANTUM MERUIT AGAINST DEFENDANTS)

22. The Plaintiff realleges and incorporates herein by this reference each and every

allegation contained in the preceding paragraphs of this complaint.

23. The Defendants requested the services of the Plaintiff to provide construction materials for the work of improvement at the Subject Property.

24. The Plaintiff performed the services requested by the Defendants until completion.

25. The reasonable value of the services performed by the Plaintiff which remains unpaid is approximately $295,354.56, the exact amount to be proven at the time of trial.

26. The Defendants have not paid the Plaintiff for the materials provided for the work of improvement at the Subject Property.

## VIII.

## FOURTH CAUSE OF ACTION

### (ACCOUNT STATED AGAINST AWI AND DOES 26-50)

27. The Plaintiff realleges and incorporates herein by this reference each and every allegation contained in the preceding paragraphs of this complaint.

28. On or about May 6, 2008, an account was stated in writing by and between the Plaintiff and AWI and on such statement a balance of $295,354.56 was found due to the Plaintiff from AWI. AWI agreed to pay the Plaintiff said balance.

29. Although demanded by the Plaintiff from AWI, neither all nor any part of the agreed balance has been paid.

30. There is now due, owing and unpaid from AWI to the Plaintiff the sum of $295,354.56, together with interest thereon at the rate of 10% per annum from and after May 6, 2008.

## IX.

## PRAYER

WHEREFORE Plaintiff demands judgment as follows:

**A.   FIRST CAUSE OF ACTION:**

1. For judgment on the contract cause of action against AWI and Does 26-50, and each of them, in the sum of $295,354.56 in favor of the Plaintiff, together with interest provided by law, plus costs of suit and reasonable attorney fees.

2. For such other and further relief as this Court may deem just and proper.

**B.   SECOND CAUSE OF ACTION:**

1. That the sum of $295,354.56, together with interest provided by law until paid, and the further sum of $13.00 for verifying and recording the lien, and costs incurred by the Plaintiff in bringing this action, be adjudged and decreed to be a lien on the Subject Property described in this Complaint.

2. That the demands of the Plaintiff and all persons having claims of lien, or any interest in the Subject Property described in this Complaint, be ascertained and adjudged, and that the interests of the Defendants and any persons claiming under them be sold under the decree of this Court to satisfy the amount of the lien ascertained and adjudged in favor of the Plaintiff.

3. That, if any deficiency results from the sale of the real property under this Court's decree, the Plaintiff have judgment for such deficiency against the Defendants, and each of them.

4. That the Court clerk be directed to docket and enter the personal judgment demanded above, independently of any deficiency judgment that may be entered after sale of the real property under the Court's decree.

5. For costs of suit herein and reasonable attorney's fees.

6. For such other relief that the Court considers just and proper.

**C.   THIRD CAUSE OF ACTION:**

1. For judgment on the quantum meruit cause of action against the Defendants, and each of them, in the sum of $295,354.56 in favor of the Plaintiff, together with interest provided by law, plus costs of suit and reasonable attorney fees.

2. For such other and further relief as this Court may deem just and proper.

///
///
///
///
///
///

**D.   FOURTH CAUSE OF ACTION:**

1. For judgment on the account stated cause of action against AWI in the sum of $295,354.56 in favor of the Plaintiff, together with interest provided by law, plus costs of suit and reasonable attorney fees.

2. For such other and further relief as this Court may deem just and proper.

DATED: August 15, 2008

HIGGS, FLETCHER & MACK LLP

By:_____
MICHAEL R. GIBSON, ESQ.
Attorneys for Plaintiff
CUSTOM WINDOW COMPANY

Exhibit 1

| |
|---|
| Page 1 of 4 |
| Purchase Agreement No. 26-03-301 |
| Job Name: Diegan Hotel |

## PURCHASE AGREEMENT

THIS AGREEMENT, made this 22st day of November 2006, at Covington, Washington, by and between TWD LLC, PO Box 7235 Covington, WA. 98042, hereinafter called Contractor, and Custom Window Company,2727 S. Santa Fe Dr.,Englewood,CO,80110 1-303-722-0922 1-303-722-1993 hereinafter called Vendor.

WITNESSETH: Contractor has entered into a Contract, hereinafter referred to as the Contract, with TWD LLC,PO Box 7235,Covington,WA,98402 hereinafter called Owner, to perform work at: Diegan Hotel,1047 5th Avenue,SanDiego,CA, hereinafter called the Project, pursuant to plans and specifications prepared by or for Tanner Hecht Architecture,2 Bryant Street Suite 100,San Fransisco,CA,94105 including all the General and Special Conditions, Drawings, Specifications, and other documents forming or by reference made a part of the Contract, all of which shall be considered part of this Agreement by reference thereto.

The undersigned Vendor hereby agrees to furnish at its own cost and expense all labor, materials, tools, equipment, and facilities necessary to do and fully complete the following described work:

Scope of work includes but is not limited to the following:

Included shall be all labor, materials, shipping, and equipment necessary to fabricate and deliver to the Diegan Hotel site including but not limited to all window systems as per the details and the intent of architectural drawings dated February 28th 2006, and shall include but not be limited to the 6000/7000 series kynar finished aluminum frame window panels system complete with but not limited to factory installed glazing, subframes, sills, louvers, panning metal, corner metal, operating hardware, and all accessories necessary for a fully and complete and fully functional window system. All items included in the aforementioned shall be factory installed except accessory metals. Final color shall be per Owner and Architect and is to be TBD.

Included shall be all labor and materials necessary to deliver to TWD LLC a full and complete set of shop drawings for review by TWD and the owners Architect with the understanding and commitment that the shop drawings will be revised or corrected to meet the intent of the contract documents and sent back to Custom Window Company to be revised and returned to TWD. Included with the first window panel delivery shall be two sets of working and erection drawings complete with all assembly details.

Included shall be a manufactures full warranty and shall be delivered in writing to TWD LLC upon the completed installation of all window panel components.

Included shall be all labor, materials, equipment, and shipping necessary to deliver to the Diegan job site per the mutually agreed upon schedule, all window panels on a floor by floor basis and shall be delivered to the site during normal working hours. Custom Window Company shall notify in writing TWD LLC 48 hours in advance of any delivery to the site. If any delivery is short or missing any materials necessary to install the aforementioned window system complete with all the accessories that will disallow the installation in a timely manner or in proper order that Custom Window Company shall do everything in their power to get the missing or short material to the job site so as not to delay the project at Custom Window Companies sole cost.

The intent of this Purchase Agreement is for Custom Window Company to supply and deliver to the job site a window panel system complete and ready for a fully functional installation. TWD LLC shall supply and install all field applied water proofing and fasteners to install the aforementioned window panel system.

| | |
|---|---|
| PURCHASE AGREEMENT | $1,714,439.00 |
| PLUS TAX   Tax Rate | $0.00 |
| TOTAL | $1,714,439.00 |

The work is to be fully completed and delivered to Contractor according to the terms and conditions of this Agreement, including those stipulated on second page, for the following price <u>One Million Seven Hundred Fourteen Thousand Four Hundred Thirty Nine Dollars ($1,714,439.00)</u>.

Partial payments will be made to Vendor each month in an amount equal to <u>90%</u> of the value, computed on the basis of the price herein set forth, of the quantity of the work performed hereunder, less the aggregate of the previous payments, but such partial payments shall not become due and payable to Vendor until five (5) days after Contractor receives payment for such work from the Owner. No partial payment to Vendor shall operate as approval or acceptance of material furnished hereunder. Upon complete performance of this Agreement by Vendor and final approval and acceptance of Vendor's materials by Owner, Contractor will make final payment to Vendor of the balance due under this Agreement.

This Agreement constitutes the entire understanding of the parties and supersedes any prior proposals or agreements. IN WITNESS WHEREOF, Contractor and Vendor have hereunto set their hands and seals in duplicate the day and year first above written.

| Federal ID # | | Local Sales & Use Tax Rate | |
|---|---|---|---|
| Individual | | Local Code: | |
| Partnership | | Local Rate: | |
| Corporation | | State Rate: | |

| TWD LLC | Custom Window Company |
|---|---|
| By: Bruce Greene | By: Gregory Mellinger |
| Title: Owner | Title: Project Manager |
| Authorized Signature: *[signed]* | Authorized Signature *Gregory Melling* |
| Dated: 11/28/06 | Dated: 11/27/06 |

1. Vendor, shall pay any and all bills when due for all charges in connection with its work, and failure to do so shall constitute failure of performance under this Agreement. If required by Contractor, receipted bills and releases therefore showing Vendor shall furnish payment in full to Contractor prior to Contractor's payment of any and all sums to Vendor.
2. The term "failure of performance" as used herein includes but is not limited to failure to deliver shop drawings, samples and other data requested by Contractor, and failure to begin the work hereunder when directed by Contractor. Vendor shall commence the work upon receipt of Contractor's notice to proceed and shall diligently prosecute the same in conformity with Contractor's progress schedule.
3. Vendor shall indemnify and save harmless Contractor and its officers, agents, servants and employees from and against any and all claims, loss, damage, liability, cost, charge or expense directly or indirectly resulting from, or arising out of, the performance of, or failure to perform the work covered by this Agreement. Vendor hereby indemnifies and saves Contractor harmless from any and all claims, loss, damage, liability, cost, charge or expense directly or indirectly arising out of this Agreement which may be caused or claimed to be caused by an act of negligence of Vendor and/or his officers, agents, servants and employees.
4. Insofar as the same are applicable to the work described herein, Vendor agrees to be bound to Contractor by the terms of the Contract, and any amendments thereof. In particular, but without limitation, Vendor agrees that the determination of any disputed question made pursuant to the Contract shall be binding upon Vendor, and all provisions of the Contract with respect to the termination thereof shall be binding upon Vendor.
5. At any time before completion and final acceptance of the work, Contractor shall have the right to order in writing the omission or addition of work, or order changes or alterations in the work required to be performed by Vendor, and fair deductions or increases shall be made in price for such omissions, additions, changes or alterations; but no such omissions, additions, changes or alterations shall be made by Vendor, or paid for by Contractor, unless and until authorized by Contractor in writing before the commencement thereof.
6. If Contractor so requires, Vendor shall obtain and furnish to Contractor and maintain in effect during the life of this Agreement a surety bond in form and with sureties acceptable to Contractor, and in an amount equal to the Agreement price, conditioned upon and covering the faithful performance of and compliance with all the terms, provisions and conditions of this Agreement. The Contractor will pay the cost of this surety bond.
7. Vendor shall guarantee its work to the same extent that Contractor is obligated to guarantee its work under the Contract, but in any event shall guarantee its work against all defects in materials or workmanship for a period of one year from the date of final acceptance of the Project by Owner.
8. In the event Vendor shall at any time when this Agreement is in effect be adjudicated bankrupt, make an assignment for the benefit of creditors, commit any act of insolvency, or fail to pay promptly when due all bills and charges for labor, materials, and rental of equipment used in the performance of this Agreement, or required by this Agreement to be paid, and/or in the event of Vendor's failure to perform promptly each and every obligation required hereunder, Contractor, upon mailing a written notice to Vendor, may take over the work or any separable part thereof, and complete the same, or have same completed, at Vendor's expense, and in taking over Contractor shall have the right, for the purpose of completing the work hereunder, to take possession of all drawings belonging to Vendor, and for such purpose this Agreement shall be construed as an assignment by Vendor to Contractor of said drawings. Such taking over shall not constitute or be construed as a waiver by Contractor of any action, claim or demand Contractor may have against Vendor by reason of injury or damage resulting to Contractor because of Vendor's failure of performance hereunder. It is agreed that in the event of such taking over by Contractor, Vendor shall pay to Contractor, a sum equal to Contractor's total cost of completing the work, plus a sum of reasonable attorney's fees in taking over and completing the work. In no event shall any delay in performance hereunder by Vendor be excused unless (and then to the extent only) such delay is excused by Owner in respect to Contractor's obligations under its Contract.
9. Vendor agrees to comply with all applicable federal, state and local laws, regulations, ordinances and orders and to promptly pay when due all taxes and contributions to trust funds. Contractor may require certificates from federal, state, local or private bodies showing that all obligations are current and not delinquent and, in the event Contractor is held liable to pay any such taxes or contributions, Vendor agrees to supply Contractor with all records necessary to compute the same and to fully reimburse Contractor upon demand for the amount (including penalties and interest) paid by Contractor, and Contractor shall have the right to deduct any amount so paid from any sums due Vendor hereunder.
10. Vendor agrees to pay all royalties and license fees; to defend all suits or claims for infringement of any patent rights involved in the work of Vendor under this Agreement; and to save Contractor harmless from loss, cost or expense on account of such use or infringement by Vendor.
11. Vendor agrees to accept and be subject to all terms and conditions of the various labor agreements entered into by Contractor or on Contractor's behalf, applicable to the work herein undertaken. Copies of such agreements and commitments are available upon request.
12. If any provision herein is inconsistent with Contractor's Contract with the Owner, or with the drawings or specifications, the specific provision herein shall govern.
13. All claims by Vendor against Contractor for damage to the work alleged to have been caused by Contractor, or for any addition to the Agreement price, must be presented to Contractor in writing within thirty (30) days after the damage was inflicted or Vendor allegedly becomes entitled to the addition.

14. Should any provision of this Agreement now or at any time during the term hereof ⬤n conflict with any federal, state or municipal law, regulation or the like, or any applicable judicial decision, then such provision shall continue in full effect only to the extent permitted. In the event any provision of this Agreement is thus held inoperative, the remaining provisions of this Agreement shall nevertheless remain in full force and effect.
15. A waiver by Contractor of any breach or violation by Vendor of any provision hereof or of the Contract, shall not constitute a waiver of any further or additional breach of such provision or of any other provision. No provision of this Agreement, including the foregoing general conditions, may be waived by Contractor except in writing; and this Agreement may only be amended by written agreement of Contractor and Vendor.

| | |
|---|---|
| RECORDING REQUESTED BY:<br>Custom Window Company<br>2727 South Santa Fe Drive<br>Englewood, CO 80110<br><br>WHEN RECORDED MAIL TO:<br>Custom Window Company<br>c/o Michael R. Gibson, Esq.<br>Higgs, Fletcher & Mack, LLP<br>401 West "A" Street, Suite 2600<br>San Diego, CA 92101 | THE ORIGINAL OF THIS DOCUMENT<br>WAS RECORDED ON MAY 21, 2008<br>DOCUMENT NUMBER 2008-0275034<br>GREGORY J. SMITH, COUNTY RECORDER<br>SAN DIEGO COUNTY RECORDER'S OFFICE<br>TIME: 4:10 PM |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MECHANIC'S LIEN
## (CLAIM OF LIEN)

The undersigned, Custom Window Company ("Claimant"), claims a mechanic's lien for labor, services, equipment and/or materials, furnished for a work of improvement upon that certain real property located in the County of San Diego, State of California, and which is described as the Diegan Hotel, 1047 5th Avenue, San Diego, California, 92101 (APN: 533-524-13).

After deducting all just credits and offsets, the sum of $295,354.56, together with interest thereon at the rate of ten percent (10%) per annum from on or about May 2, 2008 is due Claimant for the following labor, services, equipment and/or materials furnished by Claimant: aluminum windows.

The name of the persons or company by whom Claimant was employed, or to whom Claimant furnished the labor, services, equipment and/or materials is TWD, LLC, P.O. Box 7235, Covington, Washington, 98042 (which was subsequently acquired by AWI, Inc., 950 Pacific Avenue, Suite 1250, Tacoma, Washington, 98402.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are: Fifth Avenue Partners, LLC, 260 Newport Center Drive, Suite 100, Newport Beach, California, 92660.

Dated: MAY 15, 2008

Custom Window Company

By /s/ Dana Webster
DANA WEBSTER
Its: Chief Risk Officer

## VERIFICATION

I, Dana Webster, declare that:

I am the Chief Risk Officer of Custom Window Company, named as the Claimant in the foregoing Claim of Lien. I am authorized to make this verification for said Claimant. I have read the Claim of Lien and know its contents, and the same is true of my knowledge. I declare under penalty of perjury, under the laws of the States of California and Colorado, that the foregoing is true and correct.

Executed on MAY 15, 2008            /s/ Dana Webster

858818.1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of ~~California~~ Colorado }
County of Arapahoe }

On MAY 15 2008 before me, Dana Webster, _Here Insert Name and Title of the Officer_,

personally appeared Dana Webster
_Name(s) of Signer(s)_

_____,

<div style="border:1px solid black; display:inline-block;">
**Jeff Donahue**
Notary Public
State of Colorado
</div>

My Commission Expires
06/21/2009

Place Notary Seal Above

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
_Signature of Notary Public_

———————————— OPTIONAL ————————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CUSTOM WINDOW COMPANY,
a Colorado corporation

**DEFENDANTS**
5th AVENUE PARTNERS, LLC,
a California limited liability company;
AWI, INC., a Washington corporation; and
DOES 1-50, inclusive

FILED
2008 AUG 15 PM 2:41
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff **Arapahoe**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
HIGGS, FLETCHER & MACK LLP
401 WEST "A" STREET
SUITE 2600
SAN DIEGO, CALIFORNIA 92101
619.236-1551

Attorneys (If Known)

'08 CV 1497 L JMA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [X] 5 → RCP |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury - Product Liability |  | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 660 Occupational Safety/Health |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | PERSONAL PROPERTY | [ ] 690 Other |  | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 370 Other Fraud | LABOR | SOCIAL SECURITY | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
|  | CIVIL RIGHTS | PRISONER PETITIONS |  | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 462 Naturalization Application | [ ] 871 IRS - Third Party 26 USC 7609 |  |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights / [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights |  | [ ] 465 Other Immigration Actions |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC sections 2201, 1332
Brief description of cause:
Breach of contract and enforcement of mechanic's lien

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 295,355.00
- [X] CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE August 15, 2008    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 154110   AMOUNT 350.00   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____
MB 08/15/08

CSDJS44

```
      UNITED STATES
     DISTRICT COURT
  SOUTHERN DISTRICT OF CALIFORNIA
        SAN DIEGO DIVISION

   # 154110     - MB

    August 15, 2008
       14:41:25


      Civ Fil Non-Pris
USAO #.: 08CV1497 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.:              $350.00 CK
Check#.: BC23113



   Total->   $350.00


FROM: CUSTOM WINDOW CO VS
      5TH AVE PARTNERS LLC, ET AL
```