UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM WINDOW COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>5th AVENUE PARTNERS, LLC, *et al.*,<br><br>    Defendants;<br>_____<br><br>AND RELATED COUNTERCLAIM.<br>_____ | Civil No. 08cv1497-L(JMA)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

      Plaintiff Custom Window Company filed a complaint for breach of contract and other state law claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant 5th Avenue Partners, LLC ("5th Avenue") filed a Counterclaim against Plaintiff and several third parties for breach of contract, fraud and related state law claims based on supplemental jurisdiction under 28 U.S.C. § 1367. Because the complaint fails to allege the facts necessary to determine whether the parties are diverse, the action is dismissed for lack of subject matter jurisdiction.

      The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do

so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "Subject matter jurisdiction is determined on the basis of the facts that existed at the time the action was filed." *See Stock West Corp. v. Taylor*, 964 F.2d 912, 917 (9th Cir. 1992). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Plaintiff alleges it is a Colorado corporation, Defendant 5th Avenue is a California limited liability company, and Defendant AWI, Inc. ("AWI") is a Washington corporation. (Compl. at 1-2.)

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .." 28 U.S.C. § 1332(c)(1). Although Plaintiff alleges that AWI as well as Plaintiff itself are corporations, Plaintiff does not allege the State of incorporation and the principal place of business for each of them. Accordingly, Plaintiff fails to adequately allege citizenship of AWI as well as its own citizenship.

Furthermore, the citizenship of a limited liability company or a limited liability partnership is determined by examining the citizenship of each of its members or partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Plaintiff does not allege the citizenship of each member of 5th Avenue, which is necessary to establish diversity in this case.

Because the complaint does not allege the facts necessary to establish diversity as required by 28 U.S.C. § 1332, this action is **DISMISSED** for lack of subject matter jurisdiction.

/ / / / /

/ / / / /

If Plaintiff can correct this pleading defect, it may file an amended complaint. *See* 28 U.S.C. § 1653. Any such amended complaint shall be filed no later than **November 14, 2008**.

**IT IS SO ORDERED**.

DATED: November 5, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL