UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM WINDOW COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>5TH AVENUE PARTNERS, LLC, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 08-cv-1497-L(JMA)<br><br>**ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO WITHDRAW AS COUNSEL OF RECORD [DOC. 53]** |

　　　Manatt, Phelps & Phillips, LLP ("Manatt") is counsel of record for Defendant 5th Avenue Partners, LLC ("FAP"). Manatt now seeks to withdraw as counsel of record because FAP has "failed and refused" to make payments on outstanding invoices for attorneys' fees and expenses, and also because "there has been a complete breakdown of the attorney-client relationship." (*Ex Parte* Appl. 3:3–12.)

　　　The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). The court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id.*

Failure to pay attorney's fees can be a valid ground for withdrawal. *See Canandaigua Wine Co. v. Edwin Moldauer*, No. 02-cv-06599, 2009 WL 89141, at *2 (E.D. Cal. Jan.14, 2009); Cal. Rules of Prof'l Conduct, Rule 3–700(C)(1)(f).

Defendant has been given timely notice of the motion. (Osaki Decl. ¶ 4.) Furthermore, Manatt also obtained an order granting it relief from the automatic stay under 11 U.S.C. § 362 imposed in the related bankruptcy case. Because this case is currently stayed, counsel has taken reasonable steps to prevent prejudice against FAP. But FAP is an LLC and thus unable to defend this action *pro se* in this district. *See* Civ. L.R. 83.3(k). Consequently, if FAP does not obtain new counsel, its answer will be stricken and default shall be entered against it.

Accordingly, good cause appearing, the Court **GRANTS** Manatt's *ex parte* application to withdraw as counsel. The Court further **ORDERS** FAP to obtain counsel within **30 days** from the issuance of this order. If new counsel does not make a timely appearance on behalf of FAP, Plaintiff may request an entry of default within **14 days** after the automatic stay is lifted in this case. Upon entry of default, Plaintiff shall timely contact the chambers of the undersigned to obtain a hearing date for its motion for default judgment.

**IT IS SO ORDERED.**

DATED: September 5, 2013

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL INCLUDING

5TH AVENUE PARTNERS
4300 CAMPUS DRIVE, 2ND FLOOR
NEWPORT BEACH, CA 92660